Case No. CV 19-7343-MWF-KS            Date: October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE: DEFENDANT GENERAL MOTORS LLC'S MOTION TO TRANSFER VENUE [31]; PLAINTIFFS' MOTION TO REMAND [30]

Before the Court are two motions:

The first is Defendant General Motors LLC's ("GM") Motion to Transfer Venue, filed on September 3, 2019 ("Transfer Motion"). (Docket No. 31). On September 16, 2019, Plaintiffs filed an Opposition, and on September 23, 2019, GM filed a Reply. (Docket Nos. 34, 37).

The second is Plaintiffs' Motion to Remand this Case to Los Angeles Superior Court, filed on September 3, 2019 ("Remand Motion"). (Docket No. 30). On September 16, 2019, GM filed an Opposition, and on September 23, 2019, Plaintiffs filed a Reply. (Docket Nos. 35, 36). On September 30, 2019, Plaintiffs filed a Notice of Recent Decision in support of the Remand Motion. (Docket No. 38).

The Court has read and considered the papers filed on the Transfer Motion and the Remand Motion, and held a hearing on October 7, 2019.

For the reasons set forth below, the Court rules as follows:

- The Transfer Motion is **GRANTED**, and the case is transferred to the Eastern District of Michigan. Plaintiffs' sole argument for why this case should not be transferred is that the Court should decide the Transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-7343-MWF-KS            Date: October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

Motion prior to the Remand Motion. However, the Court will exercise its discretion to decide the Transfer Motion without ruling on the first, considering the complexity of the Remand Motion, the number of cases with similar, if not exact, issues pending in the Eastern District of Michigan, and the cases in the Ninth Circuit clearly stating that the Court can exercise its discretion to rule on the Transfer Motion first.

- The Court declines to rule on the Remand Motion.

## I. BACKGROUND

### A. Plaintiffs' Allegations

In their Complaint, Plaintiffs allege as follows:

Plaintiffs are a collection of aggrieved buyers of GM's Chevrolet Silverado and GMC Sierra vehicles. (Complaint ¶¶ 1, 21-93). GM promised that the Duramax engines in these vehicles turned "heavy diesel fuel into a fine mist," which resulted in "low emissions" that were a "whopping reduction" compared to the prior model. (*Id.*). GM promised that the vehicles could still produce "great power," as a result of its engineers accomplishing "a remarkable reduction of diesel emissions." (*Id.*).

However, scientifically valid emissions testing conducted by engineering experts who were retained by Class Counsel in *In re Duramax Diesel Litigation*, Case No. 2:17-cv-11661 (E.D. Mich.) (the "*Duramax* Class Action") has revealed that the Silverado and Sierra 2500 and 3500 models do not emit low emissions. (*Id.* ¶ 2). Instead, they emit levels of NOx many times higher than (i) their gasoline counterparts; (ii) what a reasonable consumer would expect; (iii) what GM had advertised; (iv) the Environmental Protection Agency's maximum standards; and (v) the levels set for the vehicles to obtain a certificate of compliance that allows them to be sold in the United States. (*Id.*). Making matters worse, the only way to reach GM's promises is to turn off or turn down emissions controls when the software in the vehicles senses they are not in an emissions testing environment. (*Id.*). Accordingly, Plaintiffs allege that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-7343-MWF-KS                Date: October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

vehicles emit far more pollution on the road than in the emission certification testing environment, and employ at least three different defeat devices to turn down the emissions controls when the vehicle senses that it is not in the certification test cycle. (*Id*. ¶ 4).

Plaintiffs allege that GM took part in this scheme in order to make their trucks more appealing and competitive in the marketplace, driving up sales and profits. (*Id*. ¶ 6). Just like Volkswagen and other companies that have been caught lying about diesel emissions, so too did GM lie and get caught. (*Id*. ¶¶ 12-13).

Based on these allegations, Plaintiffs assert eight claims for relief: (1) breach of express warranty under the Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq*.; (2) breach of implied warranty under the Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq*.; (3) violations of the California Unfair Competition Law, California Business and Professions Code section 17200 *et seq*.; (4) violations of the California False Advertising Law, California Business and Professions Code section 17500 *et seq*.; (5) fraudulent concealment; (6) negligent misrepresentation; (7) civil conspiracy; and (8) joint venture. (*Id*. ¶¶ 293-389).

### B.     The Pending Actions in the Eastern District of Michigan

On July 7, 2016, a putative class action alleging that model year 2014-15 Chevrolet Cruz Diesel vehicles contain illegal "defeat devices" designed to evade federal emission standards was filed in the Eastern District of Michigan and was assigned to the Honorable Thomas L. Ludington, United States District Judge. (Transfer Motion at 2) (citing Case No. 1:16-cv-12541, *Counts v. General Motors LLC*). In May 2017, the same law firms that filed the *Counts* case filed the *Duramax* Class Action, and in August of 2017 that case was reassigned to Judge Ludington as a companion case to the *Counts* case. (*Id*. at 2-3). Both cases have advanced through discovery, multiple depositions have taken place, and the district court has ruled on "significant substantive issues." (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:    Mike Bulaon et al v. General Motors LLC, et al.

In May 2019, counsel for Plaintiffs filed dozens of new lawsuits that "copied nearly verbatim" the factual allegations contained in the pending class actions. (*Id*. at 3). Counsel for Plaintiffs have filed 25 complaints on behalf of more than 2900 individual plaintiffs in the Eastern District of Michigan, and allege violations of federal RICO and the common or statutory laws of 48 states. (*Id*. at 3-4). Pursuant to Eastern District of Michigan Local Rule 83.11, counsel for Plaintiffs designated these cases as companion cases to the pending class action, and they have all been assigned or are pending in the same district court. (*Id*. at 4). Both this action and the companion case *Taylor Pantel, et al, v. General Motors LLC et al.*, Case No. CV 19-7350-MWF, are "substantially identical" to the cases pending in the Eastern District of Michigan. (*Id*. at 5-6).

## II.   DISCUSSION

GM seeks to transfer this action pursuant to 28 U.S.C. § 1404(a). GM's arguments, including those based on the first-to-file rule, provide a strong basis for the transfer. Indeed, Plaintiffs do not really argue otherwise. (Opposition at 2).

The real issue here, as Plaintiffs correctly argue, is whether this Court should transfer the action before ruling on the Remand Motion. Both the law and logic dictate that – usually – a jurisdictional motion should be determined first. Therefore, the adjudication of this dispute turns on whether this action falls into this Court's narrow discretionary authority to decide the Transfer Motion first.

Plaintiffs argue that this Court should adjudicate the Remand Motion first for five reasons:

First, Plaintiffs argue that Courts in the Ninth Circuit "uniformly decide motions to remand before motions to transfer." (*Id*. at 3). Specifically, Plaintiffs cite case law in support of the proposition that "[m]ost courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer. . . Only in rare circumstances should transfer motions be considered before remand motions." (*Id*. at 4) (citing case law). This is because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

"jurisdiction is a preliminary matter that should be resolved before all others." (*Id.*). And, as to GM's argument that this case is "akin" to an MDL, Plaintiffs argues that this case is not akin to an MDL, and even when a case is an MDL, courts will sometimes rule on the remand motions prior to the transfer motions. (*Id.* at 5-6).

Second, Plaintiffs argue that "there is no evidence that Plaintiff's Motion to Remand raises issues that are likely to arise in the Eastern District of Michigan litigation." (*Id.* at 2). That is because the cases currently pending in the Eastern District of Michigan "were originally filed in federal court rather than removed from state court" and there "have been no challenges to the federal court's subject matter jurisdiction in those cases." (*Id.* at 8).

Third, Plaintiffs argue that "there is nothing difficult to determine in Plaintiffs' Motion to Remand." (*Id.* at 3). While Plaintiffs acknowledge that this is a legitimate consideration generally, here, the issues raised in the Remand Motion "are neither difficult nor complex" as they simply involve "routine issues of alleged fraudulent joinder, CAFA jurisdiction and federal question jurisdiction" which can be decided "by simply applying clear Ninth Circuit precedent." (*Id.* at 9-10).

Fourth, Plaintiffs argue that "judicial efficiency will be promoted by considering the remand motion first because if that motion is granted, the transfer motion will be moot." (*Id.* at 3). Plaintiffs argue that "[d]eciding fundamental issues of jurisdiction prior to deciding a venue transfer motion is always more efficient than doing the converse." (*Id.* at 10-12).

Finally, Plaintiffs argue that "GM's request that this Court allow the federal court in the Eastern District of Michigan to decide the remand issue is blatant forum-shopping." (*Id.* at 3). This is because, according to Plaintiffs, GM primarily relies on *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008) to support its opposition to the Remand Motion, and GM would obviously prefer to be in a district where that case is binding. (Opposition at 12-14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:    Mike Bulaon et al v. General Motors LLC, et al.

At the hearing, Plaintiffs reiterated the above arguments. Additionally, Plaintiffs argued that the standards at issue here are California emission standards, and not federal emission standards, which also strongly weighs in favor of remanding this action.

In reply, GM argues that Plaintiffs are incorrect when they state that Ninth Circuit courts "uniformly decide" remand motions prior to transfer motions. (Reply at 2). GM argues, citing case law, that this is still an open issue in the Ninth Circuit, and point out that most of the cases cited by Plaintiffs acknowledge the discretion courts have. (*Id*. at 2-4). Next, GM points out that Plaintiffs' contention that the Remand Motion is neither difficult nor complex is "belied by the substance and length of the parties' remand briefing submissions" which "comprise over 65 pages." (*Id*. at 5).

As to Plaintiffs' argument that there are no pending remand motions in the Eastern District of Michigan, GM counters that the "concern is that there may be additional cases filed . . . that raise similar removal and remand issues" and in that instance, everyone "would benefit from a consistent approach to these matters, rather than having them addressed in a splintered fashion throughout the nation." (*Id*. at 6). And, GM points out that many of the issues in the Remand Motion (including preemption and the viability of certain claims) have either already been addressed or are likely to be addressed by the Eastern District of Michigan. (*Id*. at 6). Finally, as to Plaintiffs' forum shopping allegations, GM argues that Plaintiffs' position relies on a misunderstanding of the Ninth Circuit's treatment of *Freeman*. (*Id*. at 7). Because "[t]he remand decision should be the same whether decided under Ninth Circuit or Sixth Circuit" law, the "sole benefit of transferring the case—which is a benefit to both parties, as well as the federal judiciary—is that the jurisdictional questions will be addressed in a coordinated and efficient manner." (*Id*. at 8).

At the hearing, GM reiterated the above arguments, and also noted that the Eastern District of Michigan is also dealing with California emission standards.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:    Mike Bulaon et al v. General Motors LLC, et al.

The Court agrees with GM.  As a preliminary matter, Plaintiffs do not dispute that transfer is proper to the Eastern District of Michigan, except to say that the Remand Motion should be decided first.  Should the Court determine it can rule on the Transfer Motion first, the case should be transferred.

The Court does determine that it is appropriate here to rule on the Transfer Motion prior to the Remand Motion, for these reasons:

***First***, the Court agrees with Defendant that courts in the Ninth Circuit have not "uniformly" decided motions to remand prior to motions to transfer.  The case law cited by both Plaintiffs and GM makes clear that the Court has the discretion to rule on the Transfer Motion prior to the Remand Motion, and that there are numerous examples of courts in the Ninth Circuit ruling on motions to transfer prior to motions to remand.  *See*, *e.g.*, *Pub. Employees' Ret. Sys. of Mississippi v. Stanley*, 605 F. Supp. 2d 1073, 1074 (C.D. Cal. 2009) ("This Court need not address the propriety of removal before ruling on the motion to transfer."); *Core Litig. Tr. by & through Kravitz v. Apollo Glob. Mgmt., LLC*, No. 2:17-CV-00927-JFW(AGRx), 2017 WL 3045919, at *3 (C.D. Cal. Apr. 5, 2017) ("A federal court has leeway to choose among threshold grounds for denying audience to a case on the merits and, thus, can decide a transfer motion before deciding jurisdiction.") (internal quotations omitted); *Carrera v. First Am. Home Buyers Prot. Co.*, No. CV-11-0242-GHK(FFMx), 2012 WL 13012698, at *2 (C.D. Cal. Jan. 24, 2012) ("We may rule on a threshold, nonmerits issue such as whether to transfer pursuant to the first-to-file rule prior to deciding . . . Plaintiff's Motion to Remand.").

This discretion is properly exercised in a case, such as here, where a single judge is currently adjudicating multiple class actions and dozens of individual cases dealing with these exact issues.  *See Harboyan v. Johnson & Johnson Co.*, No. CV-17-5235-MWF(AFMx), 2017 WL 3635173, at *1 (C.D. Cal. Aug. 23, 2017) (Fitzgerald, J.) ("Jurisdictional questions do not preclude the Court from determining whether a stay pending transfer is warranted" in an MDL context.); *Core Litig. Tr.*, 2017 WL 3045919, at *3 ("convenience, fairness, and judicial economy warrant transferring this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-7343-MWF-KS                    Date: October 29, 2019
Title:      Mike Bulaon et al v. General Motors LLC, et al.

action to the [SDNY] . . . where a SDNY judge . . . can determine whether this action arises in, arises under, or relates to the ongoing CORE Bankruptcy that is pending in the SDNY bankruptcy court"); *Pub. Employees*, 605 F. Supp. 2d at 1075 (granting motion to transfer prior to considering motion to remand in part because "Plaintiff recently filed in the [SDNY] . . . a complaint that is virtually identical to the Complaint in this action") (internal quotations omitted).

*Second*, the Court agrees with GM that many issues raised by the Remand Motion are already being considered, or will be considered, by the Eastern District of Michigan, including preemption and the validity of some of Plaintiffs' claims. Even if the Eastern District of Michigan has not adjudicated any remand *motions* to date, the fact is it has adjudicated *issues* that must be decided to resolve the Remand Motion, and it will continue to do so. Resolving those issues is enough to establish overlapping issues. *Harboyan*, 2017 WL 3635173, at *1 ("The jurisdictional issues raised by the hundreds of cases consolidated . . . are best handled by that [MDL] panel" because other cases there "involve similar fraudulent joinder issues, such that this Court's resolution of Plaintiff's Motion to Remand might lead to inconsistent results in other cases.").

*Third*, the Court agrees with GM that Plaintiffs' characterization of the Remand Motion as simple or non-complex is misleading. The Remand Motion deals with diversity jurisdiction issues (including fraudulent joinder), federal question jurisdiction issues (under the doctrine of preemption), and CAFA jurisdiction issues, which collectively raise complex issues. *See Oregon, ex rel. Kroger v. Johnson & Johnson*, No. 11-CV-86-AC, 2011 WL 1347069, at * 3 (D. Or. Apr. 8, 2011) ("The distinction between whether a case is clear or presents difficult jurisdictional issues appears, at least to some degree, to revolve around whether the motion to remand raises purely procedural issues as opposed to underlying substantive issues."); *Idaho v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-00108-BLW, 2013 WL 2237843, at *2 (D. Idaho May 21, 2013) ("[W]hen the jurisdictional issues are purely legal in nature and when the issues are virtually identical to those present in other cases, district courts should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

defer to the possibility of consolidation and determination by one judicial body to promote judicial economy and to avoid inconsistent judgments.").

This complexity is further confirmed both by the parties' briefing, which is over 65 combined pages, and Plaintiffs' Notice of Recent Authority in support of their Remand Motion.  (Docket No. 38).

*Fourth*, as to Plaintiffs' arguments regarding forum shopping, the Court agrees with Plaintiffs that transferring to the Eastern District of Michigan could benefit GM's opposition to the Remand Motion, as *Freeman* becomes binding precedent as opposed to persuasive authority.  That being said, Plaintiffs do not cite any case law supporting the proposition that a motion to transfer should be denied if it is shown that it is motivated in some part by a desire for better case law.  And the Court agrees with GM that the other reasons to transfer the case (including under the section 1404(a) factors, which are unrebutted by Plaintiffs) justify transferring the case.

At bottom, Plaintiffs' argument boils down to the idea that because this case is not yet an MDL, the Court should not treat it like one or rely on cases dealing with MDLs.  However, because the policy justifications and rationales for ruling on transfer motions prior to remand motions in the context of MDLs is the same as those that exist here, Plaintiffs' argument misses the mark.

Accordingly, the Transfer Motion is **GRANTED**.

Because the Court is exercising its discretion in ruling on the Transfer Motion first, and because the Court has determined that this case should be transferred to the Eastern District of Michigan, the Court will not adjudicate the merits of the Remand Motion.  Ordinarily, the Court would therefore deny the Remand Motion without prejudice.  Here, the Court does not want to give GM ammunition that any future motion would be statutorily untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-7343-MWF-KS                    Date:  October 29, 2019
Title:     Mike Bulaon et al v. General Motors LLC, et al.

## III. CONCLUSION

The Transfer Motion is **GRANTED**. The Clerk of the Court is **ORDERED** to transfer this action to the United States District Court for the Eastern District of Michigan. The Remand Motion remains pending, to be determined by the Eastern District of Michigan.

IT IS SO ORDERED.